**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | | |
|---|---|---|
| **TERRENCE HAZEL,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **CIVIL NO. A-06-CA-610-SS** |
| | § | |
| **NATHANIEL QUARTERMAN,** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO: The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Document 1), Respondent's Motion to Dismiss for Failure to Exhaust State Court Remedies (Document 20), Respondent's Answer (Document 26), and Petitioner's response thereto. Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

DISCUSSION

According to Respondent, the Director has custody of Petitioner pursuant to multiple judgments and sentences out of Travis County, Texas. In cause number D-1-DC-2005-2-1329,

Petitioner was convicted on April 4, 2005, of possession of a controlled substance, and he received a five-year sentence. At the time he committed this crime, he was on mandatory supervision for several offenses. In cause number 104,047, Petitioner was convicted on August 20, 1990, of possession of a controlled substance, and he received a thirty-year sentence. In cause number 104,127, Petitioner was convicted on August 20, 1990, of possession of a controlled substance, and he received a five-year sentence. In cause number 104,128, Petitioner was convicted on August 20, 1990, of burglary of a habitation, and he received a thirty-year sentence. In cause number 104,129 Petitioner was convicted on August 20, 1990, of burglary of a habitation, and he received a thirty-year sentence. In cause number 104,130, Petitioner was convicted on August 20, 1990, of theft over $750, and he received a thirty-year sentence.

Petitioner does not challenge his holding convictions. Instead, he argues he refused to sign his parole or mandatory supervision certificate when he was released on mandatory supervision in May 2004. The certificate provides for the forfeiture of good time and street time credits if an inmate's supervision is later revoked. Petitioner contends, because he refused to sign the certificate, he is entitled to his previously earned good time and street time credits. According to Petitioner, he submitted a time credit dispute in August 2005 regarding street time and good time credits based on his refusal to sign his parole certificate. Petitioner asserts he never received a response.

Petitioner also challenges the facility in which he was incarcerated. Petitioner complains he is being held in a state jail facility instead of being sent to a prison unit in the Institutional Division.[1]

---

[1]Petitioner's complaint regarding his prison facility is moot. After filing his federal application for habeas corpus relief, Petitioner was transferred to a unit in the Correctional Institutions Division, formerly known as the Institutional Division. Biliski v. Harborth, 55 F.3d 160 (5th Cir. 1995) (dismissing as moot plaintiff's request for a transfer from a county jail due to plaintiff's subsequent transfer to the TDCJ).

Petitioner raised these issues in a state application for habeas corpus relief. Ex parte Hazel, Appl. No. 25,182-10. However, the state application was dismissed for Petitioner's failure to exhaust his administrative remedies.

ANALYSIS

A fundamental prerequisite to federal habeas corpus relief under Title 28 U.S.C. §2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. Sterling v. Scott, 57 F.3d 451, 453 (5th Cir. 1995), cert. denied, 116 S. Ct. 715 (1996). Section 2254(b) provides that:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254. This requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction. Picard v. Connor, 404 U.S. 270, 275-76, 92 S. Ct. 509, 512 (1971). The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state criminal proceedings. Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982)(citing, Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91, 93 S. Ct. 1123, 1127 (1973)).

A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." Castille v. Peoples, 489 U.S. 346, 349, 109 S. Ct. 1056, 1059 (1989). The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given

an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir. 1985). Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals, either through direct appeal or collateral attack, the exhaustion requirement is satisfied. See generally, Castille, 489 U.S. at 351, 109 S. Ct. at 1060. In order to avoid piecemeal litigation, all grounds raised in a federal application for writ of habeas corpus must first be presented to the state's highest criminal court prior to being presented in federal court. Rose, 455 U.S. at 522, 102 S. Ct. at 1205. If even one claim is unexhausted, the entire petition must be dismissed for failure to exhaust state remedies. Id.

In the present case, Petitioner has not presented his claims to the Texas Court of Criminal Appeals. Although Petitioner claims he submitted a time credit dispute regarding the issues he raises in the instant federal application, he has no evidence to support the submission. The affidavit attached to Respondent's answer at Exhibit B clearly states there is no record of a time credit dispute received in August 2005. Accordingly, there has been no fair presentation of his claims to the state court, and thus, the state court has not had the initial opportunity to pass upon and correct any alleged errors of federal law. Nevertheless, a court may deny an application for a writ of habeas corpus on the merits, notwithstanding the failure of the applicant to exhaust all available remedies. 28 U.S.C. § 2254(b)(2). As explained below, Petitioner's claims are without merit, and his habeas application should be denied.

Petitioner argues his constitutional rights are being violated by not having his previously earned good time credits restored after the revocation of his mandatory supervision. However, there is no federal constitutional right to the reinstatement of previously forfeited good conduct time credits, and the failure to restore same to a parole violator does not violate due process.

Since 1977, Texas statutes (previously Tex. Rev. Civ. Stat. Ann. art. 6181-1, § 4 and currently Tex. Govt. Code Ann. §§ 498.003, 498.004, 498.005) have provided that good conduct time applies only to eligibility for parole or mandatory supervision and may be forfeited for violations of department rules; good time does not reduce an inmate's sentence. Ex Parte Hallmark, 883 S.W.2d 672, 673 (Tex. Crim. App. 1994). Because Petitioner does not have a liberty interest in the reinstatement of previously accrued good conduct time credits, Petitioner is not entitled to habeas corpus relief on this claim.

Petitioner also argues he is entitled to the time he spent on mandatory supervision or "street time." Despite Petitioner's argument, the law in this Circuit firmly establishes that time spent on parole or mandatory supervision does not operate to reduce the sentence of a parole or mandatory supervision violator returned to prison. The courts have consistently held that by violating parole a prisoner forfeits all credit of good conduct time accumulated prior to release and all credit for time on parole. See Cortinas v. United States Parole Comm'n, 938 F.2d 43 (5th Cir. 1991); Munguia v. United States Parole Comm'n, 871 F.2d 517, 521 (5th Cir. ), cert. denied, 493 U.S. 856, 110 S. Ct. 161 (1989); United States v. Newton, 698 F.2d 770, 772 (5th Cir. 1983); Starnes v. Cornett, 464 F.2d 524 (5th Cir.), cert. denied, 409 U.S. 987, 93 S. Ct. 341 (1972); Betts v. Beto, 424 F.2d 1299 (1970). Thus, Petitioner has no federal constitutional right to reduction of his sentence for time spent on parole or mandatory supervision. Additionally, the Court notes parole and mandatory supervision conditions are not additional to, but part of, the original sentence. See Coronado v. United States Board of Parole, 540 F.2d 216, 218 (5th Cir. 1976); Sturgis v. United States, 419 F.2d 390 (5th Cir. 1969). Petitioner is not being forced to serve more than his sentences. Petitioner violated the terms of his supervision, and as a result, lost any credit for the time he spent on mandatory supervision.

Petitioner is also not entitled to his street-time credit based on Texas law governing parole and mandatory supervision. The Texas statute addressing street time credit in effect at the time of Petitioner's 2005 mandatory supervision revocation reads in pertinent part:

> (c) If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount to time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

TEX. GOV'T CODE § 508.283(West 2005). Under Section 508.283(c), Petitioner would have been entitled to credit for street time if on the date his warrant issued, he was "subject to a sentence the remaining portion of which [was] less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons."

When Petitioner was released on mandatory supervision on May 21, 2004, his mandatory supervision certificate showed Petitioner's sentences were due to be discharged on July 27, 2020, if Petitioner successfully completed mandatory supervision. See Respondent's Exhibit D. According to Respondent, approximately 16 years and two months remained on his sentences at the time of his release. The midpoint date which Petitioner had to reach while on mandatory supervision in order to receive street credit was June 24, 2012. See Respondent's Exhibit B at 2. Petitioner was on mandatory supervision less than a year before being arrested on other charges. The pre-revocation

warrant was issued on April 1, 2005, well before his mid-point date. See Respondent's Exhibit F. Therefore, Petitioner is not entitled to street time under Section 508.283.

Petitioner complains he did not sign the mandatory supervision certificate, so he did not agree to the forfeiture of his good time credits or that he would not be given street time credits in the event his release to mandatory supervision was revoked. He appears to be arguing this is in violation of the law of contracts. Because Petitioner is not entitled to the restoration of his good time credits or to street time, his refusal to sign the certificate is of no consequence. Petitioner's claim does not arise to a constitutional violation.

## RECOMMENDATION

It is, therefore, recommended that Respondent's Motion to Dismiss for Failure to Exhaust be **DISMISSED AS MOOT** and Petitioner's Application for Writ of Habeas Corpus be **DENIED**.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 21st day of February, 2007.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE